IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**COMFORTLAND MEDICAL INC.** | Criminal No: 3:20-cr-591<br><br>**PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 29th day of September, 2020, between the United States of America, as represented by United States Attorney PETER M. MCCOY, JR, Assistant United States Attorneys Derek A. Shoemake and Jim May; the Defendant, **COMFORTLAND MEDICAL INC.**, and Defendant's attorneys, Andrew B. Moorman, Sr., and Joe Zeszotarski, the principal of Defendant, Lois Tsui, (referred to herein as the "Principal"), who is not pleading guilty to any crime in an individual capacity pursuant to this Agreement, agree to be bound by the terms of this Agreement as set forth below.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging, CONSPIRACY TO DEFRAUD THE UNITED STATES, in violation of Title 18, United States Code, Section 371.

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A.  First, that two or more persons agreed to do something which federal law prohibits, that is, the violations set forth in the information;

1

B. Second, that the defendant knew of the conspiracy and willfully joined the conspiracy; and

C. Third, that at some time during the existence of the conspiracy or agreement, one of the members of the conspiracy knowingly performed, in the District of South Carolina, one of the overt acts charged in the indictment in order to accomplish the object or purpose of the agreement.

The penalty for this offense is:

A fine of up to $250,000 and a term of supervised release of up to 3 years, plus a special assessment of $400.

2. The Defendant represents that the Attorneys for the Defendant listed herein have been authorized by Defendant's Board of Directors to enter into this Agreement on behalf of the Defendant. Both the Defendant and the Principal agree that any representations or promises made as a corporate entity, or individually, in this Agreement are mutually binding upon the Defendant and the Principals except those that are specified as applying only t o t he Defendant or to an individual Principal.

3. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $400.00 for each felony count for which it is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B. Restitution: The attorneys for the Government and the Defendant agree that the appropriate amount of restitution in this case pursuant to 18 U.S.C. § 3663 is $1,003,300, and Defendants are jointly and severally liable for this payment. The Defendant understands that this stipulation is not binding upon the Court or the United States Probation Office, and the Defendant shall have no right to withdraw its plea should this stipulation not be accepted. Further, the Defendant understands and acknowledges that this stipulation is binding upon the Government only in the event that the Defendant complies with ALL the terms of this agreement. Finally, the Defendant agrees to cooperate fully with the Government in identifying all victims.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

5. The Principal agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which she has knowledge. The Principals must provide full, complete, and truthful debriefings about these unlawful activities to the extent they have such knowledge, and must fully disclose and provide truthful information to the Government including any non-privileged books, papers, or documents or any other items of evidentiary value to the investigation. The Principal must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Principal to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void as to that Principal. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Principal, the Principal understands that:

    A.    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    B.    all additional charges known to the Government may be filed in the appropriate district;

    C.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    D.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Principal agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. The Principal further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Principal as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    A.    known to the Government prior to the date of this Agreement;

    B.    concerning the existence of prior convictions and sentences;

      C.    in a prosecution for perjury or giving a false statement; or

      D.    in the event the Defendant breaches any of the terms of the Plea Agreement.

8. The Government agrees that if the Defendant complies with the terms of this Agreement, and the Principal complies with her obligations of this Agreement, the United States Attorney's Office for the District of South Carolina will not further criminally prosecute or pursue further criminal, civil, or administrative forfeiture actions related to the Defendant or the complying Principal(s) for violations of federal law arising out of the Government's investigation, including the conduct giving rise to the instant Plea Agreement.

9. The Defendant agrees to be placed on probation. The Defendant's probation term will be for 36 months.

10. Defendant and the Principal agree that if Defendant or the Principal knowingly violate or fail to perform any obligation under this Agreement, the Government, in its sole discretion, may withdraw from this agreement. If the Principal knowingly violates or fails to perform any obligation under this Agreement, the Government, in its sole discretion, may withdraw from this agreement as to the breaching Principal. Whether the Defendant or a Principal has violated the terms of this Agreement will be determined by the Court at an appropriate hearing where any of the Defendant's or Principal's disclosures will be admissible and the United States' burden is by a preponderance of the evidence.

11. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees.

Following the entry of this plea agreement, defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that it understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise it of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment of $250,000. The Defendant shall receive credit towards this money judgment for any payments made by co-defendant, David Tsui. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. The Defendant understands that it is jointly and severally liable for payment of the money judgment, along with any co-defendants against whom a money judgment is imposed.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

12. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any righto withdraw their plea of guilty to the offense(s) enumerated herein.

## Merger and Other Provisions

13. The Defendant represents to the court that its duly authorized representatives have met with its attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with its attorneys and related all information of which the Defendant is aware pertaining to the case; that the Defendant and its attorneys have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to have its agents testify in its own behalf, or to remain silent and have no adverse inferences drawn from its silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

14. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

15. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

| | |
|---|---|
| 9.29.2020<br>Date | _____<br>COMFORTLAND MEDICAL INC., DEFENDANT |
| 9.29.2020<br>Date | _____<br>LOIS TSUI, in her in representative capacity for the Defendant |
| 9/29/2020<br>DATE | _____<br>ANDREW B. MOORMAN, SR.<br>ATTORNEY FOR DEFENDANT<br><br>_____<br>JOE ZESZOTARSKI<br>ATTORNEY FOR THE DEFENDANT<br><br>PETER M. MCCOY, JR.<br>UNITED STATES ATTORNEY |
| 9/29/2020<br>Date | Lauren L. Hummel for<br>DEREK SHOEMAKE  Digitally signed by DEREK SHOEMAKE<br>Date: 2020.09.29 16:12:50 -04'00'<br>JIM MAY<br>DEREK A. SHOEMAKE<br>ASSISTANT UNITED STATES ATTORNEYS |

10